

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00140-CR
### No. 10-14-00141-CR

**JAMES KENNETH KEELS, JR.,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court at Law**
**Navarro County, Texas**
**Trial Court Nos. C-34828-CR and C-34855-CR**

## MEMORANDUM OPINION

A jury found Appellant James Kenneth Keels, Jr. guilty of the offenses of possession of a penalty-group 1 controlled substance in an amount of over four grams but under 200 grams and tampering with physical evidence and assessed his punishment, enhanced by prior felony convictions, at ninety-nine years' imprisonment for each offense, to be served concurrently. These appeals ensued. Keels has filed a joint brief for both appeals. In his sole issue, Keels sets forth the following question:

Is it permissible for a trial attorney to question any juror post-trial in order

to determine whether the jury violated the jury charge and thereby usurped the Parole Board powers delegated to the Executive Department of our government under the Texas State Constitution, Article 4 Section 11?

The relevant background is as follows. After he was sentenced, Keels filed a motion for new trial alleging in part that jury misconduct had occurred. Keels stated in the motion that his counsel had received information from a juror, Aaron Phillip Mershawn, that the jury had considered the possibility of when Keels would be released from prison, in violation of the parole and good-conduct-time instruction given in the punishment charge in each case. The motion stated that Mershawn said that the jury looked at how much time Keels had served for his two prior convictions and "did the math." The motion stated that Mershawn further said that "[t]he jury figured that if he only served a quarter of the sentence and they gave him 99 years that when he was released he would be too old to sell drugs."

A hearing was held on the motion for new trial. Mershawn did not testify. Keels attempted to offer into evidence a recording of a telephone call between Mershawn and R.D. Lewis, a private investigator, through Lewis. The State objected that "it's hearsay and depending on the content that it violates Rule 606([b]) and goes into juror testimony. And if it doesn't go into the juror's testimony then it's irrelevant." The trial court ruled: "I don't think that we've reached the issue of 606(b) with this witness…. I don't have a ruling in regards to 606(b) with this witness, because he was not a juror. In regards to the phone call, your objection for hearsay is sustained."

Keels then called Kay Berry, another juror, to testify at the hearing, but the State

objected that her testimony would be in violation of Rule 606(b). The trial court ruled:

"The Court's ruling is that based on the Texas Rules of Evidence 606(b) and the cases that were presented, I do not find that this is outside influence. And, therefore, I am not going to allow the jurors to testify about that matter." Keels then started to make a bill of exception. The following exchange took place:

> Q. (By [Defense Counsel]) Ms. Berry, I take you back to the day that the jury met for punishment of my client, Mr. Keels. At any time was there a discussion of the parole law and how it may effect his punishment sentence?
>
> [Prosecutor]: Objection, Your Honor, compound question.
>
> THE COURT: Would you please - -
>
> [Defense Counsel]: Your Honor, this is my bill.
>
> THE COURT: - - rephrase.
>
> Q. (By [Defense Counsel]) At any time during the deliberations, did you discuss the parole law?
>
> A. No.
>
> Q. Do you remember ever talking about what the State had argued that Mr. Keels had been convicted twice and served only so much time on each case?
>
> [Prosecutor]: Objection. Compound question.
>
> THE COURT: Can you please rephrase, just break it up, [Defense Counsel].
>
> [Defense Counsel]: Your Honor, this is my bill.
>
> THE COURT: I understand.
>
> [Defense Counsel]: He doesn't have a right to - -

THE COURT: Would you - -

[Defense Counsel]: - - he doesn't have a right to object to my bill. This is my bill.

THE COURT: - - would you break your question down for the record.

[Defense Counsel]: At this time, Your Honor, I'm going to stop my bill. I have 90 days to prepare my bill, and I'll get it to the Court.

THE COURT: Okay.

The recording of the telephone call between Mershawn and Lewis was also later included in the record in a bill of exception. The conversation during the call was in relevant part as follows:

MR. LEWIS: Okay. All right. I guess the other question is the regular range on this was 2 to 20 without any priors.

MR. MERSHAWN: Uh-huh.

MR. LEWIS: And there was no deaths, no injuries, and they, the jury came up with 99 years.

MR. MERSHAWN: Uh-huh.

MR. LEWIS: Do you have a, I mean, was there a particular thing that swayed y'all towards the 99?

MR. MERSHAWN: Yeah. That was, maybe he doesn't remember, I think he felt really bad about losing. The whole deal was, is we went back and did the math. He had two other priors. He did a quarter of the sentence. So basically he did like one year the first time on the seven year, or something like that.

MR. LEWIS: Oh.

MR. MERSHAWN: I don't remember the exact number. And he did, supposed to do like 14 and he did like three or four of that one. We figured if we give him 99 and he gets out again he would be too

old to sell the drugs.  We did a quarter.

> MR. LEWIS:  Did that - -

> MR. MERSHAWN:  We gave him a quarter.

> MR. LEWIS:  So they had already presented the priors to y'all of what he served and what he got?

> MR. MERSHAWN:  Right.

At the conclusion of the hearing, the trial court denied Keels's motion for new trial.  We review a trial judge's denial of a motion for new trial under an abuse of discretion standard.  *Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014).

Texas Rule of Evidence 606(b) states:

> **(1)** *Prohibited Testimony or Other Evidence.*  During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment.  The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

> **(2)** *Exceptions.*  A juror may testify:

>> **(A)** about whether an outside influence was improperly brought to bear on any juror; or

>> **(B)** to rebut a claim that the juror was not qualified to serve.

Keels argues that the exception found in Rule 606(b)(2)(A) applies in these cases and that it should be broadly interpreted because "important countervailing considerations" are involved.  Keels claims that the exception applies in these cases because the parole board itself and its operations are outside the jury room and because the potential exercise by the parole board of its powers constitutes an influence that was "improperly

brought to bear" upon the jury. We disagree.

In *McQuarrie v. State*, 380 S.W.3d 145 (Tex. Crim. App. 2012), the Court of Criminal Appeals defined "outside influence" as "something originating from a source outside of the jury room and other than from the jurors themselves." *Id.* at 154; *see Colyer*, 428 S.W.3d at 125. Here, assuming without deciding that the evidence in the bills of exception was otherwise admissible, it had nothing to do with something that originated from a source outside of the jury room and other than from the jurors themselves. Therefore, the evidence had nothing to do with an improper "outside influence."

The trial court did not abuse its discretion in refusing to consider the evidence in the bills of exception and in denying Keels's motion for new trial. We overrule Keels's sole issue and affirm the trial court's judgments.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
    (Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed July 30, 2015
Do not publish
[CRPM]

* (Chief Justice Gray concurs in the judgment to the extent that it affirms the trial court's judgment with the following comments, a separate opinion will not follow: Keels failed to properly introduce any admissible evidence before the trial court that any juror violated their oath. After the trial court properly excluded the statements of the juror when the private investigator attempted to testify about what the juror said

during a telephone interview, the subsequent filing of the audio tape of that interview did nothing to present the testimony to the trial court judge as a basis to grant a new trial based on jury misconduct. And neither the trial court nor this Court knows what the other juror was going to testify to because a bill of exceptions (or an offer of proof) was never made. Having no evidence properly before the trial court upon which to grant a motion for new trial based on jury misconduct, the trial court did not err in the denial of the motion.

Furthermore, the "issue" (fully set out in the Court's opinion) is nothing more than an abstract question to which the Court should not be drawn into discussing. It is a meaningless hypothetical and the record in this case shows that there was no restraint upon the attorney or his representative from talking to any juror post-trial. Finally, this is not the proceeding in which to elaborate upon how I may feel about having a rule about what jurors cannot do, but no effective tool to enforce that rule. It does, however, remind me of the proverb: A law without penalty is simply suggestion (Author unknown).

Because the Court ultimately reached the same result that I would and affirms the trial court's judgment, I respectfully concur in the judgment to that extent but do not join the Court's opinion.)

